IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　Plaintiff,<br>v.<br><br>JUSTIN DICKSON,<br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR LEAVE TO FILE DEFENDANT'S FIRST AMENDED ANSWER AND MOTION TO WITHDRAW ADMISSIONS<br><br>Case No. 2:11-cv-907-CW-BCW<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

District Judge Clark Waddoups referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. §636(b)(1)(A).[1] Before the Court are two motions: Defendant Justin Dickson's ("Dickson") Motion for Leave to File First Amended Answer[2] and Dickson's Motion to Withdraw or Amend Admissions.[3] Oral argument on these motions was held on June 5, 2013 at which time, Mr. Gregory Kasper appeared on behalf of the Plaintiff, Securities and Exchange Commission ("SEC") and Mr. J. Michael Hansen appeared on behalf of Dickson.[4] Before the hearing, the Court reviewed the motions and the parties' memoranda. Since taking the matter under advisement,[5] the Court has further considered the law and facts relating to these motions. For the reasons set forth below, the Court DENIES both motions.

---

[1] Docket no. 66.
[2] Docket no. 67.
[3] Docket no. 68.
[4] Docket no. 78.
[5] Id.

## BACKGROUND

The Complaint in this case was filed against Defendants Christopher Seeley ("Seeley") and Dickson on September 28, 2011.[6] In the simplest of terms, the SEC alleges Seeley and Dickson fraudulently offered securities through various business entities controlled by Seeley and/or Dickson. According to the Complaint, "[b]etween 2006 and 2009, Seeley and Dickson raised approximately 7.9 million [dollars] from about 50 investors in multiple states through an unregistered offering of promissory note securities."[7]

Through a settlement conference held on September 11, 2012, Seeley settled his case with the SEC, leaving Dickson as the sole defendant in this lawsuit.[8] Prior to Seeley settling his case, both Seeley and Dickson proceeded *pro se*, including through the Settlement Conference proceedings. Also, Seeley and Dickson filed documents jointly. Specifically at issue are the joint Answer to the Complaint filed on November 28, 2011[9] and the joint responses to the SEC's Request for Admissions served on May 8, 2012.

In November, 2012, approximately two months after the Settlement Conference and well over a year into the litigation, Dickson retained counsel.[10] Through the present motions before the Court, Dickson now seeks to amend the Answer to Complaint and withdraw and/or amend his responses to the SEC's discovery requests because counsel has now reviewed such filings, and believes errors were made that need to be remedied. The deadline for amending pleadings was May 25, 2012.[11] Seeley was deposed on January 4, 2013. Dickson was deposed on February 22, 2013. Fact Discovery closed on March 8, 2013.[12]

---

[6] Docket no. 2.
[7] Id. at ¶ 1.
[8] See docket no. 37.
[9] Docket no. 14.
[10] Docket nos. 44, 45, 49.
[11] Docket no. 43.
[12] Id.

**DISCUSSION**

A.  MOTION TO AMEND ANSWER

Under Rule 15 of the Federal Rules of Civil Procedure, when a party seeks to amend a pleading other than as a matter of course, it "may amend its pleading only with the opposing party's written consent or the court's leave.[13] The court should freely give leave when justice so requires."[14] "The Supreme Court has indicated district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allocations of the amendment, [or] futility of [the] amendment.'"[15]  In opposing Dickson's Motion to Amend his Answer, the SEC focuses their opposition on the undue delay and undue prejudice that would result if Dickson's motion were to be granted.

1) **Undue Delay**

There is no question that the proposed amendments to the Answer come late in this litigation.  The original deadline for amending pleadings was May 25, 2012.  Indeed, the Motion to Amend the Answer was filed sixteen months after the original answer was filed and five months after counsel was retained.

---

[13] As other courts in our district have noted, "[t]he Tenth Circuit has yet to address the issue of whether motions to amend that are filed beyond the scheduled deadline for amending pleadings should be evaluated under the "good cause" standard of Rule 16 in addition to Rule 15 standards.  But, as the Minter court points out, there is a 'rough similarity between the 'good cause' standards of Rule 16(b) and our 'undue delay' analysis under Rule 15,' and so selecting an analysis based on one standard versus the other standard [does] not necessarily affect the outcome."  In re Aramark Sports and Entertainment Services, LLC, No. 2:09-cv-637-TC, 2012 WL 5499843, at 1, fn. 3 (D. Utah, November 13, 2012)(unpublished)(applying Rule 15's analysis)(citing Minter, 451 F.3d at 1205, n. 4); see also Johnson v. City of Murray, No. 2:10-cv-1130-TS-EJF, 2012 WL 5194025 (D. Utah, October 19, 2012)(unpublished)(applying Rule 16 and in turn Rule 6 in analysis); BYU v. Pfizer, Inc., No. 2:06-cv-890-TS-BCW, 2010 WL 2382593 (D. Utah, June 14, 2010)(unpublished)(applying Rule 15's analysis).  Also, at oral argument, counsel for Dickson stated that they were moving for amendment under Rule 15.
[14] F.R.C.P. 15(a)(2).
[15] U.S. ex rel. Ritchie v. Lockheed Martin Corp., 558 F.3d 1161, 1166 (10th Cir. 2009)(internal citations omitted).

The Court notes that Rule 15(a) does not restrict a party's ability to amend its pleadings at a particular stage in the litigation.[16] Also, the 10th Circuit has stated "[l]ateness does not itself justify the denial of the amendment."[17] But, an "unexplained delay"[18] may justify the court's discretionary decision to deny leave to amend. Thus, when determining whether delay is "undue" the focus is on the "…reasons for the delay."[19] "For example, courts have denied leave to amend where the moving party was aware of facts on which the amendment was based for some time prior to the filing of the motion to amend."[20]

Here, the Court finds the explanation offered by Dickson for delay unreasonable. Dickson chose to proceed *pro se* and to file his Answer jointly with Seeley. Accordingly to his own admission, Dickson provided little input in the preparation of the original answer and "relied on Mr. Seeley's knowledge and information about the facts."[21] In addition, upon review of the original Answer that Dickson seeks to amend, the Court agrees with the SEC that "…the Answer is a thoughtful document, making numerous denials and qualifying its admissions in numerous respects. Nothing about it suggests that it was made in error."[22] Moreover, there is no evidence that Dickson was not aware of the facts of the case included in the Answer or that he did not have an opportunity to review the Answer before it was filed. Therefore, the Court declines to accept this late change in strategy by Dickson now that counsel has been retained, many crucial deadlines have passed and Seeley has settled with the SEC. Thus, the Court concludes there is undue delay in Dickson's filing of his Motion to Amend his Answer.

---

[16] Minter, at 1205.
[17] R.E.B., Inc. v. Ralston Purina Co., 525 F.2d 749, 751 (10th Cir. 1975)(internal citations omitted); see also Minter at 1205 ("The longer the delay, 'the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.'")(internal citations omitted).
[18] Durham v. Xerox Corp, 18 F.3d 836, 840 (10th Cir. 1994)
[19] Minter at 1206.
[20] Id. (citing Fed. Ins. Co. v. Gates Learjet Corp., 823 F.2d 383, 387 (10th Cir. 1987)).
[21] Exh. 1, Decl. of Mr. Dickson, docket no. 74 at ¶ 2.
[22] Opp. Mem. M. to Amend Answer, docket no. 72 at p. 9.

2) **Prejudice**

The SEC contends that it would be unduly prejudiced if the Court allowed the Answer to be amended. "Perhaps the most important factor…and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."[23] As noted above, Defendant filed his Motion to Amend his Answer well after the deadline to do so, months after he retained counsel and after fact discovery closed.  Further, the proposed Amended Answer, in addition to cleaning up some apparent clerical errors, seeks to change what has been understood throughout the case to be Dickson' role in AVF, Inc. and AV Funding, LLC.  Accordingly, the SEC states that if the amendment to the Answer is allowed, fact discovery will have to be re-opened.  In its Opposition Memorandum, the SEC provided a partial list of additional actions the SEC would have to take if the amendment is allowed, including the deposing additional witnesses, and re-deposing both Dickson and Seeley.

Although there is no trial date set in this case, the case was filed over two years ago and the SEC has relied on Defendants' answers since they were filed in 2011, including through settlement with Seeley.  In addition, if the amendment is allowed, deadlines will be affected and the SEC will be subject to further expense if discovery has to be re-opened at this stage in the litigation.  Therefore, the Court finds the proposed amendment if allowed, in light of the procedural posture of this case would prejudice to the SEC.

In sum, the Court finds Dickson unduly delayed the filing of his Motion to Amend and the SEC will be prejudiced if the Answer is allowed to be amended.  Accordingly, Defendant's Motion to Amend his Answer is DENIED.

---

[23] *Cardella v. Moutnain Reservations, Inc.*, No. 2:07-cv-1033-BCW, 2009 WL 2436769, at *3 (D. Utah Aug. 4, 2009)(unpublished)(citing 6 WRIGHT, MILLER & KANE, *Federal Practice and Procedure §  1487* (2d. ed. 1990)).

B.  **MOTION TO WITHDRAW ADMISSIONS**

On March 26, 2012, the SEC served Dickson and Seeley with 137 Requests for Admission.  On May 8, 2012, more than thirty days after the deadline to respond, Seeley and Dickson jointly filed their responses to the Requests for Admission.[24]  Although the SEC propounded similar requests to Seeley and Dickson individually, as explained in the e-mail to the SEC transmitting the response from Seeley, "in the interest of being more efficient we responded as one."[25]  Now that counsel has been retained, as with the Motion to Amend the Answer, Dickson seeks to amend and/or withdraw his responses to the Requests for Admission.

Dickson argues that the Court should allow him to amend or withdraw his admissions because (a) it will promote the presentation of the merits of the case; (b) it will not prejudice the SEC and (c) the SEC's written discovery requests seek admissions on the exact allegations made in the Complaint.  Specifically, Dickson requests to amend 42 of the 137 admissions that according to Dickson either (1) erroneously include Dickson in Seeley's actions; (2) are otherwise contrary to the facts; or (3) admit legal conclusions that relate to disputed facts about the core elements of the case.[26]

Rule 36(b) of the Federal Rules of Civil Procedure states:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.  Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded it would prejudice the requesting party in maintaining or defending

---

[24] Although Dickson's Responses to the SEC's Requests for Admission were late, the SEC has indicated they are not seeking to have all requests "deemed" admitted due to Dickson's delay per Rule 36's requirement "…[a] matter is admitted unless, within 30 days after being served the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." F.R.C.P 36. Rather, the SEC is seeking to hold Dickson to his substantive responses that admitted, denied or qualified the SEC's discovery requests.  See Opp. Mem., docket no. 71 at p 9.
[25] Exh. 1, docket no. 71.
[26] See Reply Mem., docket no. 74 at p. 5.

>the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Therefore, Rule 36(b) permits an amendment or withdrawal when: "(1) it would promote the presentation of the merits of the action and (2) if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. The Court will discuss each of these factors."[27]

As to the first Rule 36(b) factor, "[t]his part of the test emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case."[28] Here, the Court believes that the merits of the case will be able to be presented without Dickson's admissions being amended or withdrawn. Dickson has been deposed with counsel present and questions regarding any ambiguity can presumably be resolved through cross-examination at trial. Furthermore, upon review of the submissions, including the "Response to Mr. Dickson's Table of Errors" submitted by counsel for the SEC at oral argument[29], the Court agrees with the SEC that "the evidence [the SEC] did gather is generally consistent with the admissions."[30] Thus, allowing the admissions to be amended would not subserve the presentation of the merits of the action.

Second, "[t]he party who obtained the admission (here, the SEC) bears the burden of demonstrating to the court that withdrawal of the admissions will [cause prejudice]…"[31] Although the Court recognizes "[m]ere inconvenience does not constitute prejudice for this purpose [and] [t]he prejudice contemplated by Rule 36(b) is not simply that the party who

---

[27] See Questar Exploration & Production, Co. v. Lambeth, 2:08-cv-455-TS, 2009 WL 5100065, at *2 (D. Utah Dec. 17, 2009)(unpublished).
[28] Raiser v. Utah County, 409 F.3d 1243, 1246 (10th Cir. 2005).
[29] Exh. to Minute Order, "Response to Table of Errors," docket no. 78.
[30] See Opp. Mem. at p. 11.
[31] Ropfogel v. U.S., 139 F.R.D. 579, 582 (D. Kan. 1991).

obtained the admission now has to convince the jury of its truth. Something more is required."[32] For example, "[r]eliance on admissions in preparing for trial may show prejudice. Allowing the withdrawal of admissions on the eve of trial could unfairly disrupt trial preparations."[33] Moreover, "[t]he prejudice contemplated by Rule 36(b)…relates to the difficulty a party may face in proving its case, e.g. caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted."[34]

      This prong of the test has been satisfied. Through the joint responses, Dickson admitted basic facts that he was well positioned to know. The SEC propounded their discovery requests early in the discovery process and relied on the responses for well over a year. This reliance undoubtedly helped shape the SEC's strategy for additional discovery, depositions and overall case preparation. In addition, if the admissions are allowed to be amended, the Court agrees with the SEC that fact discovery will need to be re-opened and information may be difficult to obtain because "information has, inevitably, gone stale."[35] Further, by relying on the admissions for over a year, the SEC is prejudiced by having to change course in the very late stages of this case.

      This is a case where more than missed deadlines and Dickson's tardiness in bringing this Motion led to the Court's decision.[36] Unlike Raiser, where only two weeks passed between the due date for Plaintiff's responses to Defendant's discovery requests and the date he filed his initial motion to amend his admission or allow an untimely response,"[37] Dickson's motion comes nearly a year after the responses to the request for admission were served, after the close of fact discovery, after Seeley settled his case with the SEC and after Dickson's deposition. Moreover,

---

[32] Ropfogel, at 583 (internal citations omitted).
[33] Raiser, at 1246. (internal citations omitted).
[34] Id. (internal citations omitted).
[35] See Mem. in Opp. at p. 14.
[36] See Raiser at 1247.
[37] Id.

by Dickson's own admission, he failed in 2012 to diligently participate in the preparation and service of the responses to the request for admissions. Dickson states through declaration:

> 3. Mr. Seeley and I also responded to the SEC's Requests for Admissions together. We talked a few times about how to answer the requests. Mr. Seeley wrote the entire Response during the first week of May 2012 while I was in Colorado for a Crossfit Regional competition. I do not recall discussing the response with Mr. Seeley while I was in Colorado.
> 4. I returned home from my trip to Colorado late on Monday May 7, 2012. The following morning, May 8, 2012 at approximately 10:38 a.m. Mr. Seeley emailed me a draft version of the joint response that he had written. I do not remember reading this draft or talking with Mr. Seeley about it before he sent a final copy to the SEC attorneys later that day….I did not personally sign the final copy. Mr. Seeley signed my name electronically.[38]

Thus, the Court finds that Dickson's lack of follow-through or participation in the drafting of these responses in addition to the amendments being sought more than a year after they were served does not warrant amendment in this case. Despite Dickson proceeding *pro se* until November 2012 and stating that his motion is not brought in bad faith, the Court finds Dickson had ample time to move to amend his responses before the present time. The Court further finds the SEC will be prejudiced if this change of course by Dickson were to be allowed and Dickson is still able to present his case on the merits at trial without the motion being granted. Therefore, the Motion to Withdraw or Amend Admissions is DENIED.

---

[38] Exh. 1, docket no. 74. Decl. of Mr. Dickson.

## CONCLUSION & ORDER

For the foregoing reasons, the Court orders as follows:

1) Defendant's Motion for Leave to File First Amended Answer[39] is DENIED.

2) Defendants' Motion to Withdraw or Amend Admissions[40] is DENIED.

**IT IS SO ORDERED.**

DATED this 8 October 2013.

Brooke C. Wells
United States Magistrate Judge

---

[39] Docket no. 67.
[40] Docket no. 68.